THE FIRST NATIONAL BANK AND TRUST COMPANY OF BAY SHORE, Respondent, *v.* THE INCORPORATED VILLAGE OF SALTAIRE, Appellant.

Second Department, January 20, 1939.

*LeRoy B. Iserman,* for the appellant.

*Howard J. Grace,* for the respondent.

CARSWELL, J. The problem is one of statutory interpretation to ascertain whether section 126-g or section 128 of the Village Law is applicable herein. The controlling facts are undisputed.

On June 1, 1938, the defendant village issued a promissory note for $2,000, payable in five months. The payee was the plaintiff bank. The note bore the legend that it was " issued against tax revenues levied or to be levied, for the fiscal year beginning June 1, 1938 and ending May 31, 1939." There is nothing thereon indicating under which section of the Village Law it was issued. Taxes for the specified fiscal year are not levied and do not become a lien until August 26, 1938. The money thus borrowed and the note thus issued were in advance of the tax levy for the current year. It was not *against tax revenues levied*. It was against tax revenues *to be levied*.

On November 1, 1938, the note was not paid. The bank, on December 2, 1938, put the note in suit. On the same day the bank brought on a motion to impound and segregate taxes of the village collected and on hand for the fiscal year beginning June 1, 1938, to the extent of $2,500, to abide a judgment in the action. The motion was granted and the moneys of the village on deposit with the bank were accordingly impounded.

The bank asserts that section 128 of the Village Law authorizes its procedure. That section at the end thereof requires that taxes referred to in the early part of the section, when collected, shall be placed in a special fund and " applied first to the payment of such tax notes issued against the taxes of such fiscal year," meaning notes issued under section 128. The bank insists that the note in suit was issued under that section. The village insists the note was issued under section 126-g of the Village Law. The latter section does not contain the provision which is at the end of section 128, or any counterpart thereof.

Section 128 at the beginning thereof indicates that money may be borrowed on a temporary loan under that section in anticipation of taxes " levied or to be levied." It is the phrase " or to be levied " that causes confusion, since the rest of the section concerns money borrowed in anticipation of taxes which have been levied but not collected, and does not concern such borrowings on taxes " to be levied." This is revealed by the limitation on the amount of borrowings permitted to a sum not more than the taxes " remaining unpaid at the time such money is borrowed." Further on, after giving the form of the note, it is prescribed that it shall concern the fiscal year in which taxes were levied " and were not collected." The title of the section also sheds light upon the field in which the section is intended to operate. That heading is " Borrowing money

generally." When we examine section 126-g of the Village Law we find that that section does not concern itself with "borrowing money generally" but concerns itself with a special and limited field, the subject-matter being "Issuance of notes in anticipation of taxes." In addition, the latter section is specifically limited to borrowings "on or after the first day of the fiscal year," and it is further limited to borrowings "before the time when the taxes of such fiscal year are levied."

An examination of the history of the pertinent statutory enactments indicates that the phrase "or to be levied" was inadvertently left in section 128, and that it was the purpose of the Legislature after 1934 to confine that section to borrowings generally after taxes are levied. The first time the phrase "to be levied," appeared in the statute was in 1911 (Laws of 1911, chap. 57). It was so carried in successive amendments to 1927, when it was repealed (Laws of 1927, chap. 650). It was restored (Laws of 1928, chap. 422) and found its way into section 128 in its present form in 1930 (Laws of 1930, chap. 661). During all this period there was no special statute such as section 126-g. That section in its present form was enacted in 1934 (Laws of 1934, chap. 557). From 1934, therefore, the phrase "or to be levied" in section 128 was redundant and inoperative in a section relating to borrowing generally, in view of the special authorization contained in the new section confined exclusively to borrowings against tax revenues in anticipation of taxes to be levied.

If it were not for the special authorization contained in section 126-g, it might well be that section 128, which concerns a general authorization, would be applicable herein.

When seeming conflict or variance exists between two enactments relating to the same general subject-matter, a later special statute takes precedence over a general statute. This is especially so when the facts to which they are applied do not repel such a view. Here the facts, instead of repelling, invite and require it. The note on its face was a borrowing on the first day of the fiscal year as against taxes for the year then ensuing. It was a borrowing in advance of the levy of taxes, the levy date being August 26, 1938. The act of the village and the bank, therefore, concerned a transaction which came within the precise language of section 126-g.

This view of the statutes is in accordance with the practice of the parties, at least in so far as that practice is reflected in the resolutions on which the village and the bank heretofore acted. When the note in question was issued, the bank advanced money thereon on the strength of a resolution of the board of trustees, which contained no provision requiring that funds be segregated

or earmarked. When similar resolutions by the same board were adopted and acted upon by the bank and which concerned borrowings after taxes had been levied but not collected, each contained a provision requiring taxes to be placed in special funds and applied to the payment of notes issued in conformity with section 128. The parties thus recognized that notes issued after taxes had been levied and in anticipation of their collection required the placing of such moneys in a special fund as required by section 128, while notes issued before taxes were levied were pursuant to resolutions which contained no such provision and conformed, by such omission, to section 126-g, as does the resolution authorizing the note in suit.

In the absence of a specific reference upon the note to section 128, it must be deemed to have been issued pursuant to section 126-g, and the rights of the parties determined under the latter section. That section contains no provision requiring an impounding or earmarking of funds, and the Special Term was without power to make the order granted herein.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order granting plaintiff's motion reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.